Although we do not now hold that a plaintiff in a dog-bite case should make an election prior to trial as to whether they are proceeding pursuant to a negligence theory or with a so-called strict liability statutory cause of action (R.C. 955.28), this case is illustrative of the difficulties which occur when they fail to do so. Since the elements of proof for each of the aforementioned causes of action are separate and distinct, their commingling at trial invites confusion for the trier of fact. That is, the trial court will inevitably be called upon to decide the admissibility of evidence that might be proper under one theory, but inadmissible under the other.[2] While that process might not be too cumbersome relative to a dog-bite case tried to the court, it is going to be a daunting task for a jury of lay people to sift through the evidence and properly assign it to one of the two causes of action before it. Therefore, it is incumbent upon the trial court to bring clarity out of chaos through its instructions to the jury.
Here, the jury instructions given by the trial court were, at best, confusing. While counsel for plaintiffs must assume some of the responsibility for that fact by its failure to clearly delineate prior to the trial which theory they were going to try, they were not asked to or compelled to do so. Once the trial court permitted the jury to hear evidence under both theories (i.e., negligence or statutory strict liability)[3] it owed a duty to clearly delineate each of those theories with jury instructions which outlined each cause of action with specificity. Having failed to do so, we have no alternative but to reverse the judgment below.
[2] Rodenberger v. Wadsworth (Nov. 25, 1983), Ottawa App. No. OT- 83-18, unreported, which noted: "The case law has held that evidence necessary to establish an element of the cause of action under the common law is inadmissible evidence when proceeding under the statute."
[3] Appellants claim it made an election to proceed under statutory liability, but it is not clear from the record when they did so. Appellee's closing argument is virtually exclusively devoted to negating a negligence theory of recovery.